## CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia A. Sweeny

v.

Commonwealth of Virginia,
Department of Medical
Assistance Services

May 4, 1988

Case No. N-4996-1

By JUDGE MELVIN R. HUGHES, JR.

A decision on defendant's motion to dismiss has been pending in this matter. After consideration of the parties' memoranda and supporting documentation, the Court has decided to uphold defendant's motion, for the reasons explained below.

This case involves plaintiff's appeal of an unfavorable job performance evaluation in her job with the Department of Medical Assistance Services. She seeks a panel hearing on the ground that her evaluation was arbitrary and capricious, made in revenge for her past filing of grievances. The Court's duty is to determine whether the matter qualifies for a panel hearing, pursuant to Virginia Code Section 2.1-114.5:1(E).

Personnel management decisions are not grievable unless the decisions are arbitrary and capricious. An "arbitrary and capricious" decision was defined in *State Board of Health v. Godfrey*, 223 Va. 423, 433-4 (1982), as "one made through abuse of discretion, bad faith, unfairness or one tainted by unfair prejudice or animosity."

In an earlier appeal of a previous evaluation (*Sweeny I*), the Court ruled that plaintiff failed to adduce evidence

showing that her evaluation resulted from arbitrary and capricious conduct but instead relied on bald assertions, and that the evaluation was amply supported with documentation. This Court took the view in *Sweeny I* that the plaintiff must make some showing, based on the record, of arbitrariness in order to qualify for a panel hearing. The Virginia Administrative Procedure Act provides that the burden of proof is upon the person challenging the agency action in an appeal of a case decision. § 9-6.14:12(B).

Plaintiff has also filed a third suit (*Sweeny III*) against defendant after she was fired following her second unsatisfactory evaluation. Counsel have represented that the parties agree that the disposition of this case, *Sweeny II*, will resolve *Sweeny III* as well.

The record in this case is embodied in Exhibit 7, which contains the evaluation, examples of paperwork errors attributed to plaintiff, and letters and memos written to or about plaintiff concerning her work. The Court notes that the documentation appears to have been done contemporaneously during the work period evaluated. Plaintiff argues that the Exhibit 7 deficiencies fall into three categories: (1) those for which she is not responsible; (2) those which are minute and of no real detriment to overall job performance; and (3) those which are simply the result of animosity between plaintiff and her supervisors. Defendant's responses can be summarized as follows: (1) plaintiff blames others for work for which she is ultimately responsible; (2) plaintiff underestimates the importance of some of her mistakes and exhibits a cavalier attitude toward the importance of her work; and (3) plaintiff's supervisors did not treat her with animosity but reacted with reasonable frustration to an incompetent employee.

The Court has carefully reviewed and considered Exhibit 7. The record shows Sweeny's supervisors consistently noting deficiencies in Sweeny's work knowledge, procedure, and habits. There are many examples of proofreading errors, misspellings, lack of follow-up on cases, and omissions of information in letters. While most of the contemporaneous notations of deficiencies are by her immediate supervisor, Betty Cockran, others are noted by another supervisor, Tinnie Conover, which suggests that

the evaluation was not the result of animosity by a single individual.

For example, a December 12, 1986, memo indicates the opinion of a Dr. Wood that plaintiff "has embarrassed the program enough" in her recommendations for changes in the level of care. An August 5, 1986, letter of plaintiff's with several errors contains an inscription by Betty Cochran of plaintiff's admission, "I obviously didn't read it closely enough. This is embarrassing to me." On a handwritten letter dated December 2, 1986, Betty Cochran notes that plaintiff made a certain mistake when earlier that day she had been taught the proper procedure.

Contemporaneous letters and memos also describe allegedly inappropriate conduct by plaintiff, especially involving her discussions with other employees about their evaluations. An August 25, 1986, memo by Tinnie Conover concerning plaintiff relates the following:

> The questioning of the clerical staff by Pat Sweeny or any other staff relative to personnel matters is totally inappropriate and cannot be tolerated. It puts the clerical staff in a most awkward position and leads them into situations of violating confidentiality and which could jeopardize their positions.
>
> Further, Pat violates the confidentiality and rights of other current or prior employees by discussing employee relation issues with other staff. It is counter productive and disruptive to the operation of this Section, Division and the Department and must be stopped immediately.

While plaintiff states an excuse for many these errors and indiscretions, the examples stated above and many others lead the Court to conclude that the agency had substantial support for giving plaintiff low marks on her evaluation. The agency seems to prize attention to detail, and the overall picture is one of an employee who was not scrupulously attentive to the paperwork facets of her work. Given these considerations plus the morale problems resulting from plaintiff's discussion of work evaluations with others, the Court affirms the agency's

finding and finds that the instant evaluation was not arbitrary and capricious.