## CIRCUIT COURT OF THE CITY OF NORFOLK

Astrid Scammell

v.

Old Dominion University

October 28, 1997

Case No. C97-1527

BY JUDGE LYDIA CALVERT TAYLOR

For the reasons stated in this letter opinion, after consideration of all the submitted arguments and authorities, this Court finds the above-referenced case to be non-grievable.

Virginia Code § 2.1-116.06 addresses which grievances qualify for a grievance hearing and grievance hearings in general. Section 2.1-116.06(A) reads as follows:

A grievance qualifying for a hearing shall involve a complaint or dispute by an employee relating to the following adverse employment actions in which the employee is personally involved, including but not limited to: (i) formal disciplinary actions, including suspensions, demotions, transfers and assignments, and dismissals resulting from formal discipline or unsatisfactory job performance; (ii) the application of all written personnel policies, procedures, rules and regulations where it can be shown that policy was misapplied or unfairly applied; (iii) discrimination on the basis of race, color, religion, political affiliation, age, disability, national origin or sex; (iv) arbitrary or capricious performance evaluations; (v) acts of retaliation as the result of the use of or participation in the grievance procedure or because the employee has complied with any law of the United States or of the

Commonwealth, has reported any violation of such law to a governmental authority, has sought any change in law before the Congress of the United States or the General Assembly, or has reported an incidence of fraud, abuse, or gross mismanagement; and (vi) retaliation for exercising any right otherwise protected by law.

Plaintiff has argued that subparts (ii), (iii), and (v) directly apply to her case.

The first two of these subparts allow grievability where it can be shown that a written personnel policy was misapplied or unfairly applied (ii) or where discrimination on the basis of disability has occurred (iii). Plaintiff has not shown evidence of either of these possibilities. Plaintiff baldly alleges discrimination on the basis of disability stemming from the existence of her supervisor's memorandum but states no reasons in support of this claim. This Court finds no support for either of these claims, either in the briefs or the record of the case.

The third applicable subpart (v) allows grievability for acts of retaliation as the result of the employee's participation in the grievance process. Plaintiff has shown no evidence that the allegedly adverse memorandum in question was in retaliation for her participation in the grievance process. This Court finds no evidence that the memo was anything but a summing-up of the grievance process and Plaintiff's options at that time. The plain language of the memorandum contains no threats, contrary to Plaintiff's assertions. This Court is unwilling, as Plaintiff requests, to infer that the memorandum was in retaliation against Plaintiff for participating in the grievance process. *See* Response Brief of Astrid Scammell, 4, n. 1.

In the alternative, this Court finds that § 2.1-116.06(C) would be dispositive of this case, even without the above discussion of § 2.1-116.06(A). Paragraph C reads as follows:

Complaints relating solely to the following issues shall not proceed to a hearing: (i) establishment and revision of wages, salaries, position classifications, or general benefits; (ii) work activity accepted by the employee as a condition of employment or which may reasonably be expected to be a part of the job content; (iii) contents of ordinances, statutes or established personnel policies, procedures, and rules and regulations; (iv) methods, means, and personnel by which work activities are to be carried on; (v) termination, layoff, demotion, or suspension from duties because of lack of work, reduction in work force, or job abolition; (vi) hiring, promotion, transfer, assignment, and

retention of employees within the agency; and (vii) relief of employees from duties of the agency in emergencies.

Plaintiff's base claim is that Defendant has failed to make proper accommodation for her disability. The memorandum in question clearly addresses those accommodations which have been made or might be made in the future in order to reduce the effect of Plaintiff's disability on her job performance. Plaintiff's claim falls into subparts (ii) and (iv) of the barred claims of § 2.1-116.06(C), and Plaintiff is therefore not entitled to a grievance hearing.

Plaintiff's appeal is hereby denied, and Defendant's administrative ruling that Plaintiff is not entitled to a grievance hearing stands.