# CIRCUIT COURT OF FAIRFAX COUNTY

Quinton O. Kelly

   v.

Department of State Police

December 12, 2011

Case No. CL-2011-8899

BY JUDGE JONATHAN C. THACHER

This matter was heard September 23, 2011, on appeal of a determination rendered by the Employment Dispute Resolution ("EDR") that Petitioner was not entitled to a hearing on his employee grievance pursuant to § 2.1-114.5:1(D)(4) of the Virginia Code. The primary issue at bar is whether the EDR's decision was arbitrary or capricious.

*Background*

Petitioner filed a grievance with the Department of State Police challenging his 2009-2010 performance evaluation. During this annual performance evaluation, the Petitioner's immediate supervisor evaluated seven performance areas, of which the Petitioner received five ratings of "Contributor" and two ratings of "Major Contributor." Accordingly, Petitioner received an overall rating of "Contributor." This rating was lower than the Petitioner's five previous evaluations.

Relying in part on these previous evaluations to evince a pattern of previous performance, Petitioner challenged his overall rating of "Contributor" to the EDR board. The EDR board subsequently denied Petitioner's request for a separate hearing to hear his grievance. Petitioner contends that his supervisor failed to take into account a Certificate of Appreciation by the Drug Enforcement Agency in the field of drug law enforcement in

the Petitioner's evaluation. Furthermore, the Petitioner claims he did not receive two memoranda dated February 11, 2010, detailing Petitioner's misconduct until the first step of the grievance process. Additionally, the Petitioner questions the veracity of these memoranda because Petitioner was on leave February 11, 2010, and consequently could not receive oral or written instructions from his supervisor on that day. Petitioner appeals to this Court to reverse EDR's decision not to grant him an independent hearing to probe the facts surrounding his evaluation.

*Analysis*

### A. *Standard of Review*

In challenging an agency decision or ruling, state employees must initiate the grievance procedure within the affected agency. Following a three-step grievance process within the affected agency, only then may qualified grievances proceed to an independent hearing officer. Virginia Code § 2.2-3004(A)(iv) specifically limits the review of annual performance evaluations to instances involving "arbitrary or capricious performance evaluations." Where, as here, EDR has determined that a grievance does not qualify for a hearing, Petitioner must then demonstrate EDR's determination was "arbitrary and capricious" in order for this Court to grant a hearing. Virginia Code § 2.2-3004(A)(iv); *see also Lasus v. George Mason Univ.*, 29 Va. Cir. 51, 52 (Fairfax County, 1992); *Sweeny v. Commonwealth*, 11 Va. Cir. 274 (City of Richmond, 1988) (both cases interpreting Virginia Code § 2.1-114.5:1(E), the predecessor of Virginia Code § 2.2-3004).

### B. *Appeal of EDR's Decision*

An arbitrary and capricious decision is one made through abuse of discretion, bad faith, unfairness or one tainted by unfair prejudice or animosity. *See State Board of Health v. Godfrey*, 223 Va. 423, 433-34, 290 S.E.2d 875 (1982). While the Supreme Court of Virginia has yet to interpret arbitrary and capricious under Virginia Code § 2.2-3004(A)(iv), circuit courts have resolved that the burden rests with the Petitioner to provide the Court with sufficient evidence in the record to demonstrate a need for a hearing. *See Scammell v. Old Dominion University*, 45 Va. Cir. 78, 79 (City of Norfolk, 1997). An evaluation is not arbitrary or capricious if an evaluation is fairly debatable, meaning reasonable minds could reasonably draw different conclusions. Additionally, mere disagreement with the evaluation or with the reasons assigned for the ratings does not make the evaluation arbitrary or capricious. An evaluation also does not qualify as arbitrary or capricious when there is adequate documentation in the record

to support the conclusion. *Lasus v. George Mason Univ.*, 29 Va. Cir. 51, 52 (Fairfax County, 1992).

The Petitioner has not provided this Court with sufficient evidence to conclude that the EDR's decision denying Petitioner a hearing was arbitrary or capricious. Petitioner questions the veracity of two memoranda dated February 11, 2010, which memorialized instructions for behavior modification for the Petitioner. Petitioner was not at work on February 11, 2010, which leads the Petitioner to question the accuracy of the memoranda. Petitioner requests a hearing to probe the integrity of the memoranda. Significantly, the two memoranda of February 11, 2010, are not mentioned in Petitioner's performance evaluation. February 11, 2010, is the date the memoranda were written, and, importantly, the memoranda do not state that the behavior cited in the memoranda took place on February 11, 2010. Petitioner admits that the instructions memorialized in the February 11, 2010, memoranda were also given to the Petitioner verbally.

The Court does not find the date of these memoranda to be persuasive evidence that the Petitioner received an unfair performance evaluation. Rather, these memoranda cite behavior that supports a lower rating in Petitioner's evaluation. That the memoranda were written on a date when Petitioner was not working does not evince a *prima facie* showing that EDR's decision was arbitrary and capricious.

Petitioner also claims that his supervisors failed to take the Certificate of Appreciation presented to the Petitioner by the Drug Enforcement Agency into consideration during the evaluation. In the record, the Lieutenant Colonial in charge of the first step of the grievance process noted that referencing the Certificate of Appreciation would not have changed the results of the supervisor's performance evaluation. The Lieutenant Colonial cited multiple infractions on the part of the Petitioner, including errors in the Petitioner's case files and several days of not reporting to work. While the Certificate of Appreciation does highlight the Petitioner's valuable work, other infractions cited support the finding that the EDR's decision not to grant a hearing was not arbitrary or capricious.

Furthermore, there is credible evidence in the record to support EDR's decision that the Petitioner's performance evaluation was based on the Petitioner's conduct. Petitioner's performance is well documented in a memorandum dated April 13, 2010, in which the Petitioner failed to dispose of evidence being stored. Additionally, the Petitioner was cited in a memorandum dated June 24, 2010, for failing to include crucial paper work in files. While the April 13 and June 24, 2010, memoranda may not have been considered in the Petitioner's performance evaluation, the Court finds there is ample evidence in the record to support the conclusion that the EDR's decision not to award a hearing was based on documented deficiencies in Petitioner's work. As such, the EDR's decision was neither arbitrary nor capricious.

58

Petitioner's appeal for a hearing pursuant to Virginia Code § 2.2-3004(E) is hereby denied.