## WILLE C. JONES

### V.

## BERYL T. CARTER, ET AL.

Record No. 850318

January 15, 1988

Present: All the Justices

*Sa'ad El-Amin (Sa'ad El-Amin & Associates*, on brief), for appellant.

*Michael K. Jackson, Assistant City Attorney (William Joe Hoppe, Senior Assistant City Attorney*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

Wille C. Jones filed a petition for a writ of mandamus requesting the trial court to compel Beryl T. Carter, Director of Personnel for the City of Richmond; Jack W. Fulton, the City's Director of Public Safety; and Frank S. Duling, the City's Chief of Police (collectively, the officials), to promote Jones to the rank of captain in the City's Bureau of Police, retroactive to December 31, 1983, and to compensate him with back pay from that date. The City's Personnel Board (the Board) had ordered such relief for Jones. The trial court, adopting the officials' contention that the Board's order exceeded the Board's authority, dismissed the petition. In this appeal, we consider whether the Board was empowered to order the challenged remedy.

The facts are undisputed. Jones was one of seven police lieutenants certified as eligible for promotion to two vacant captain positions in the Bureau of Police. Of those certified, Jones was the only black person. Two white persons were promoted. The candidates had been ranked numerically. The two men promoted were ranked first and third, respectively, and Jones was ranked seventh.

Jones subsequently filed a complaint under the City's grievance procedure, alleging that he had been denied the promotion because of his race. His complaint ultimately reached the Board.

Following an evidentiary hearing, the Board unanimously found that Jones was one of the two best-qualified candidates for the rank of captain, that he had been discriminated against on the basis of his race, and that the City's policies and procedures had been violated in the promotion process. Based upon these findings, the Board ordered Fulton to promote Jones to the rank of captain, effective retroactively to December 31, 1983, and to compensate him with back pay from that date.

The City's Acting Director of Personnel concluded that the remedy ordered was contrary to law. Consequently, the officials refused to carry out the Board's order.[1] The dispositive question in this appeal, therefore, is whether the Board had the power to order retroactive promotion and back pay for Jones upon a finding of racial discrimination and violation of the City's policies and procedures in the promotion process.

The City's grievance procedure is mandated by Code § 15.1-7.1, which provides in pertinent part that "the governing body of every . . . city . . . which has more than fifteen employees shall have a grievance procedure . . . that affords an immediate and fair method for the resolution of disputes which may arise between [the] public employer and its employees . . . ."

The powers of the Board are set forth in Section 9.05 of the City's charter, which provides in pertinent part:

> The personnel board shall have the power and shall be required:
>
> . . . .
>
> (b) To hear appeals from any action pertaining to classification, reclassification and allocation of positions and from any disciplinary action suspending, reducing in rank or pay or removing any officer or employee in the classified service, as hereinafter provided, and to report in writing its findings and decisions on such appeal to the officer whose action is the subject of the appeal.

■ Code § 15.1-7.2 requires that the City's grievance procedure shall "fully and closely compl[y] with the definition of a grievance and the minimum provisions of the state grievance procedure as described in § 2.1-114.5:1." In determining the Board's powers, therefore, we must look not only at the City's grievance procedure, but at the Commonwealth's as well.

Code § 2.1-114.5:1 sets forth the Commonwealth's grievance procedure and provides in pertinent part:

> [T]he grievance procedure shall afford an immediate and fair method for the resolution of disputes which may arise be-

---

[1] Jones has been promoted since this appeal was filed, but the City has not made his promotion date retroactive nor compensated him for back pay.

tween an agency and its employees. The grievance procedure shall include:

A. *Definition of grievance.* — A grievance shall be a complaint . . . including . . . (iv) complaints of discrimination on the basis of race, color, creed, political affiliation, age, handicap, national origin or sex.

B. *Management responsibilities.* — Management reserves the exclusive right to manage the affairs and operations of state government. Accordingly, the following complaints are nongrievable: . . . (iv) failure to promote except where the employee can show established promotional policies or procedures were not followed or applied fairly; . . . (vii) the hiring, promotion, transfer, assignment and retention of employees within the agency . . . .

. . . .

D. *Grievance procedure steps* . . . .

. . . .

4. . . . . The decision of [the grievance] panel shall be final and binding and shall be consistent with provisions of law and written policies . . . .

. . . .

F. Either party may petition the circuit court having jurisdiction . . . for an order requiring implementation of the decision of the panel.

Code § 2.1-114.5:6 charges the Director of the Department of Employee Relations Counselors with the responsibility of administering the Commonwealth's grievance procedure. That section provides in pertinent part:

The Director shall have the following general powers:

. . . .

7. The Director of the Department of Employee Relations Counselors: (i) is responsible for establishing the grievance procedure, (ii) shall make and disseminate interpretations of the grievance procedure, (iii) shall promulgate rules of conduct for panel hearings, (iv) shall have the authority to rule on grievability of issues at the management steps of the grievance procedure, and (v) shall exercise authority to direct full compliance with the grievance procedure process.

Pursuant to its statutory authority, the Department of Employee Relations Counselors (the Department) has promulgated Rules for the Conduct of Panel Hearings "to assist grievance panels in preparing for and conducting panel hearings." Included in these rules is the following pertinent language:

A panel's responsibility is to insure the proper application of state and agency policies and procedures. Panels do not have the authority to formulate or to change policies or procedures; however, they may consider mitigating circumstances and modify agency action concerning discipline. Panels do not have the authority to consider matters which the grievance procedure makes nongrievable. A panel by a majority vote may uphold or reverse the action of the agency or, in appropriate circumstances, may choose a modified remedy. Panel decisions, however, must be consistent with provisions of law and written policy. While in appropriate cases a panel might determine that a grievant is entitled to reinstatement, from which back pay and a restoration of benefits might flow, in no case does a panel have authority to award damages or attorney fees.

Department of Employee Relations Counselors, *Grievance Procedure for State Employees* 18 (Rev. July 1, 1984).[2]

■ An examination of the City's and the Commonwealth's grievance procedure provisions reveals no mention of a panel's remedial powers. Only the Department's Rules for the Conduct of Panel Hearings address the specific remedial powers of a grievance panel, and then only in terms of the power to determine an employee's entitlement to *reinstatement* and back pay. The Rules are silent on the authority of a panel to *promote* an aggrieved employee.

■ We will not infer the power to promote in the face of such a conspicuous silence. The determination whether a grievance panel has the authority to promote clearly is best left to the wisdom of

---

[2] The Rules for the Conduct of Panel Hearings were revised, effective July 1, 1985, adding the following pertinent language:

Where a panel decision directs reinstatement of an employee, the panel has the authority to award full, partial or no back pay for the period of separation as determined to be appropriate based on the circumstances of the case.

the General Assembly and the state officials charged with the administration of the grievance procedure.

■ We hold, therefore, that the Board was without authority to award Jones a retroactive promotion and compensation for back pay. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*