## CIRCUIT COURT OF FAIRFAX COUNTY

Howard A. Lasus

    v.

George Mason University

### July 10, 1992

### Case No. (Law) 115789

BY JUDGE STANLEY P. KLEIN

Howard Lasus, an employee of George Mason University, has filed a timely appeal of a determination rendered by George Johnson, President of George Mason University, that Dr. Lasus was not entitled to a panel hearing of his employee grievance, pursuant to § 2.1–114.5:1(D)(4) of the Virginia Code.

A hearing was held in this matter on July 2, 1992, at which time the court heard the arguments of the parties and took this matter under advisement. The court has reviewed the Record submitted by Dr. Johnson. The court has further reviewed Grievant's Exhibits 1, 2, 3, 4, 5, 7 and 8 in their entirety and the memo from John Stone to Frederick H. Stiff which was part of Grievant's Exhibit # 6.

The issue for the court to determine is whether the Evaluation set out in Grievant's Exhibit # 1 constitutes a "qualifying grievable issue" pursuant to § 2.1–114.5:1(D)(4) of the Virginia Code and Section II of the Employee Grievance Procedure Handbook (1990) promulgated by the Department of Employees Relations Counsellors (DERC) of the Commonwealth of Virginia. If the Evaluation is a "grievable issue," then Dr. Lasus is entitled to a panel hearing, pursuant to § 2.1–114.5:1(D)(4)(b) of the Code.

Dr. Lasus concedes that pursuant to § II(B) of the DERC handbook, performance evaluations are generally not "grievable issues." He argues, however, that his evaluation falls within one of three exceptions to that general rule: (1) that the findings in his evaluation

were "arbitrary and capricious" and therefore "grievable"; (2) that the findings were in retaliation to his prior utilization of the grievance procedures in another dispute; and (3) that the evaluation resulted from a misapplication of personnel policies. The Attorney General concedes that all three of the exceptions to the general rule *could be* grounds for a determination that an evaluation of a state employee is "grievable" but argues that Dr. Lasus has failed to make a sufficient showing that this evaluation falls within any of the stated exceptions to the general rule.

In 1989, the General Assembly rewrote § 2.1–114.5:1 of the Code. One of the revisions deleted the words *de novo* from the description in subsection (E) of the hearing to be accorded a Grievant by a Circuit Court Judge, in the event that an agency head had declined the Grievant's request for a panel hearing. This court must assume that the General Assembly deleted these descriptive words for a reason. As a result of this amendment, the proper inquiry for this court is not whether Dr. Lasus has met an appropriate factual threshold as to whether a panel hearing *might* substantiate some of his allegations but rather whether the agency head's decision not to grant Dr. Lasus a panel hearing was "arbitrary and capricious." *See State Board of Health v. Godfrey*, 223 Va. 423, 433–434 (1982).

Although Dr. Lasus alleges that various employees of George Mason University are biased against him and/or are involved in a coverup to hide the malfeasance of others within the university, his pleadings and exhibits contain no factual basis to support a belief that Ms. Katz or other employees of DERC are biased against him. Pursuant to the mandate of § 2.1–114.5:6 of the Code, DERC conducted an independent investigation of the grievance at issue. DERC was created by the General Assembly to assist state employees involved in grievance procedures and to conduct investigations of alleged retaliatory actions against state employees who avail themselves of the grievance procedures. After satisfying its statutory duty, DERC found that the grievance at issue was not retaliatory in nature, that the evaluation had not arisen from a misapplication of personnel policies and that the findings set out in the evaluation were neither arbitrary nor capricious. Dr. Johnson based his decision to deny a panel hearing, at least in part on these findings. There is more than a sufficient basis in Ms. Katz' correspondence of February 6, 1992, and March 25, 1992, to support her findings. As a result, Dr. Johnson was entitled to rely on these findings in reaching his deter-

mination that the evaluation in question was not a "grievable issue," and this court therefore affirms his decision.