## CIRCUIT COURT OF THE CITY OF RICHMOND

Andrew J. Ford, Jr.

v.

City of Richmond

Case No. LA-2829-4

William A. Honecutt

v.

City of Richmond

Case No. LA-2812-1

Sidney Moore

v.

City of Richmond

Case No. LA-2767-1

Frank Misiano

v.

City of Richmond

Case No. LA-2773-1

October 11, 1996

BY JUDGE MELVIN R. HUGHES, JR.

These are four cases where four City of Richmond police officers have appealed to this court asserting that an administrative determination finding that their claims relating to employment are not grievable is in error.

The officers contend that the police bureau, through the actions of the Police Chief, Jerry A. Oliver, transferred them due to rumors of wrongdoing. They contend that the transfers were disciplinary and punitive and thus deserving of a panel hearing before the Personnel Board as grievable. They want to have an opportunity to show that their transfers, though ostensibly within management's prerogative, is nothing more than disciplinary action put under another label for which there is no basis.

Each file has copies of newspaper articles which the parties agree set forth the background. On July 28, 1995, Chief Oliver announced the transfer of nearly forty officers. According to the newspaper Oliver said the officers were being reassigned to protect the department's reputation and that the action was taken "to remedy a problem."

Allegations of misconduct were made against police officers in October, 1993.[1] According to reports, the officers said they had been accused of taking about $37,000 in cash and drugs from a two-time felon. According to officer Ford, one of the officers appealing here, the officers were cleared of any wrongdoing in November, 1994 after the department's internal affairs division and a grand jury investigated the charges. However, rumors continued to circulate about the officers. The chief said the allegations were "disruptive and it adds to rumors and rumors add to cutting away at the police department's reputation."

Whether the transfers were punitive or not is hard to tell. The court has set a probable cause standard to resolve claims of grievability arising out of employment with state and local government. In other words, if an employee can raise facts which suggest that a given situation could amount to an employee grievance under the applicable personnel rules, then the matter is grievable and would merit a hearing before the city's Personnel Board.

Here, the question of whether the actions of the police department were punitive, as claimed, and grievable is as likely as the actions being within the prerogative of management and not grievable. The officers assert that their transfers were a disciplinary measure meant to punish them even

---

[1] It is not clear whether such allegations were made against all four of the officers now before the court.

though they had been cleared of any wrongdoing. However, they offer no evidence to substantiate the claim except statements made by the Chief and references to investigations, which turned out in their favor. In light of these assertions, one is left to wonder if indeed the transfers were either punitive or a management decision. The officers have offered no evidence to meet the requirement that their transfers were probably punitive, as claimed. There can be no finding of probable cause if the matter at hand is subject to surmise and conjecture.

Accordingly, each of the claimed grievances is not grievable and not, therefore, the proper subject for a hearing before the City's Personnel Board.