## CIRCUIT COURT OF THE CITY OF ROANOKE

Brent S. Asbury

v.

City of Roanoke

September 26, 2003

Case No. CL03-829

BY JUDGE CHARLES N. DORSEY

The pertinent facts are not disputed. The plaintiff has appealed the City Manager's determination that his complaint is not "grievable." The plaintiff is employed by the City of Roanoke as Sergeant in the Police Department. His superior, Lieutenant Beason, submitted a performance appraisal for Sergeant Asbury for the period from July 1, 2002, through June 30, 2003, with a score of 98.3. Plaintiff's Exhibit 1. The performance evaluation policy requires that the score be approved by two levels of supervision. Personnel Operating Procedure # 20, § (V)(7)(a) (hereinafter POP). Upon being sent to Captain Althoff, he being the supervisory second level, the draft evaluation of Sergeant Asbury by Lieutenant Beason was not approved. In a memo, Captain Althoff commented on the standards for performance appraisals and the scores of other high performing sergeants. Captain Althoff asked that Lieutenant Beason review the evaluation of Sergeant Asbury and three other sergeants under Lieutenant Beason's supervision in light of his comments. Captain Althoff did not provide any specific criticism of Sergeant Asbury's performance. It is conceded that Lieutenant Beason then randomly lowered Sergeant Asbury's rating in all categories, along with the ratings of the three others under his supervision, causing an overall reduction in the score of the evaluation to 87.3. Section A of the evaluation dropped from 100 to 85; Section B from 100 to 92; and Section C from 95 to 85. However, none of the comments Lieutenant Beason originally made in the evaluation was changed and all parties concede that Lieutenant Beason's action was taken solely to

comply with what he understood Captain Althoff's directives to be. Pay increases are tied to the employee evaluations.

Sergeant Asbury contends that POP # 20, § IV, mandates that classification and pay plans will be administered fairly and consistently and that this random lowering of an evaluation did not comport with that requirement. The City, in response, contends that this is not a grievable offense because establishment and revision of wages or salaries is a non-grievable complaint pursuant to POP # 6, § 3(a)(1).

*Issues*

While the ultimate issue before the Court is obviously whether Sergeant Asbury's complaint is "grievable," subsumed within that inquiry is:
(1) The appropriate standard for review by the Court, and
(2) The application of these facts to such appropriate standard.

*Analysis*
*Standard of Review*

Counsel for Sergeant Asbury argues that circuit courts have determined a "probability standard" pertaining to claims of grievability arising out of employment with a local government. The grievant relies on *Ford v. City of Richmond*, 40 Va. Cir. 397 (1996), in support of that proposition. Counsel for the City of Roanoke concedes that "most circuit courts that have considered the standard of review with regard to grievability appeal require a plaintiff to show a probability that his or her issues are grievable." Counsel for the city, goes on, however, to suggest that it may perhaps be appropriate to use an "arbitrary and capricious" standard and relies upon *Lasus v. George Mason Univ.*, 29 Va. Cir. 51 (1992), as authority for that proposition.

The "probability standard" cited in *Ford* pertains to the standard used by the Court to resolve a claim of grievability, as in the instant case. The "arbitrary and capricious" standard of *Lasus* actually pertains to the circuit court's review of the decision of an agency head not to grant a panel hearing pursuant to Virginia Code § 2.1-114.5:1. However, I need not address that distinction nor choose between the two offered alternatives as this Court has previously dealt with the same issue.

In the case of *Drewery v. City of Roanoke*, the Honorable Clifford R. Weckstein of this Court, determined that Virginia's rules testing the sufficiency of factual allegations to determine whether a plaintiff has stated a claim upon which relief can be granted should also be applied in the context of appeals from a determination that complaints are not grievable. *Drewery v.*

*City of Roanoke,* No. CL01-748, ltr. op. (City of Roanoke Cir. Ct. Sept. 7, 2001). In considering whether a municipal employee states a claim for which relief can be granted in grievance proceedings, the employee must allege facts from which a right to relief can be inferred and conclusory statements are insufficient. *See York County Sch. Bd. v. Epperson,* 246 Va. 214, 435 S.E.2d 647 (1993). To quote Judge Weckstein, "the employee's factual assertions must be treated as true, the employee must be given the benefit of all inferences that fairly can be drawn from the facts alleged; one must also assume the truth of all assertions of fact that can be 'fairly and justly inferred' from the employee's complaint. However, the employee is not entitled to the assumption that his or her legal theories are correct." *Drewery,* ltr. op. at 3 (citations omitted). That standard will be applied to the facts of this case.

### Application of Facts to Standard of Review

A "grievance," as defined in Roanoke City's ("the City's") operating procedures, is "a complaint or dispute by an employee relating to his or her employment," including, but not limited to "the application of personnel policies, procedures, rules, regulations, ordinances and statutes." POP # 6, § 2(a)(2). However, complaints about "failure to promote," are "non-grievable," "except where the employee can show that established promotional polices or procedures were not followed or applied fairly." *Id.* at § 3(a)(4). The same is true of complaints regarding "revision of wages or salaries" since "management retains the exclusive right to manage the affairs and operations of City government." *Id.* at §§ 3(a), 3(a)(1). The Court may affirm the decision of the city manager or reverse or modify her decision. Under the City's operating procedures, and as state law requires, this Court's decision is final and cannot be appealed. *Id.* § 5(c); *see* Va. Code § 15.2-1507(A)(9)(b); *City of Danville v. Franklin,* 234 Va. 275, 36 S.E.2d 634 (1987).

The material difference between the analysis of the City and the analysis of the grievant is that the City maintains that Sergeant Asbury attempts to grieve his disagreement with his performance evaluation. If that were the case, the City would be correct because a performance evaluation is not grievable.

The City goes on to say that, even if it were grievable, the policy was applied in a fair and consistent manner due to two levels of supervision being required to approve the performance evaluation. The City makes much of the fact that Captain Althoff, being the second level of supervision, "did not direct that any certain score be given to any of the sergeants." City's Memorandum at 3 (Aug. 26, 2003). Captain Althoff "asked for a review of the evaluations

after providing a reminder" to Lieutenant Beason. *Id*. The City goes on to express concern that if Sergeant Asbury's complaint is sufficient to allege a grievable matter, "then a majority of city employees will be able to grieve performance evaluations." *Id*. at 4.

The focus, in this case, should not be on Captain Althoff nor the "flood gate" that may be opened to city employees to grieve performance evaluations. In fact, though it does not constitute any part of this analysis, I believe the facts in the instant case are peculiar enough that they will probably not be repeated, or, at least not often repeated.

As stated, specifically grievable is a "complaint or dispute by an employee relating to his or her employment, including but not necessarily limited to ... (2) the application of personnel policies, procedures, rules, regulations, ordinances, and statutes. . . ." POP # 6, § 2(a)(2). One such policy or procedure is personnel operating procedure number 20 which, in pertinent part, in § IV, under "policy," states that "classification and pay plans will be administered *fairly* and consistently. . . ." (emphasis added).

When, by all accounts, Lieutenant Beason randomly lowered Sergeant Asbury's rating in all categories while changing none of the written explanation or comments, it is difficult to imagine how a claim could more clearly allege a complaint fitting under the grievance procedure. While each individual's actions, considered in isolation, may have been reasonable and understandable, the cumulative effect of all actions was unfair. It is not the evaluation itself which is being grieved (and which would be impermissible) but the manner in which the evaluation was made.

The word "fairly" means "in conformity with the evidence, with reason, or with one's merits." *Webster's Third International Dictionary* 816 (2002). To be "fair" is to be "impartial, just, equitable ... free of bias or prejudice." *Black's Law Dictionary* 615 (7th ed. 1999). Similarly, the Virginia Supreme Court has defined the word "fairly," in the context of being "fairly debatable," as being when evidence in support of opposing views would lead "objective and reasonable persons to reach different conclusions." *Board of Supervisors v. Williams*, 216 Va. 49, 58, 216 S.E.2d 33, 40 (1975). Inferentially, for policies or procedures to be "fairly applied," evidence of opposing views would lead objective and reasonable persons to reach only one conclusion. Whether the dictionary definition is used or, by inference, the Supreme Court definition is used, the facts in this case do not support the conclusion that the policy or procedure was fairly applied.

Though Lieutenant Beason may appropriately have changed Sergeant Asbury's evaluation after receiving Captain Althoff's input, it is conceded, solely under the facts of this case, that such re-evaluation was done

"randomly" and without any explanation or change in the written comments associated with the evaluation. This decision, of course, does not determine whether Sergeant Asbury's complaint has merit but deals only with whether he stated a claim for which relief can be granted under the City's grievance procedure. Such a claim has been stated.