# CIRCUIT COURT OF THE CITY OF RICHMOND

Susan J. Gilliam

v.

The Library of Virginia

October 19, 2009

Case No. CL09-4286

BY JUDGE BEVERLY W. SNUKALS

This matter came before the Court on Appellant's Notice of Appeal at a hearing on October 7, 2009. Appellant moved the Court to overturn the decision made by the Director of the Department of Employee Dispute Resolution (hereafter referred to as "Director") and award her a hearing on the question of whether her resignation from the Library of Virginia was voluntary.

This dispute arose from the termination of appellant's employment relationship with The Library of Virginia. Appellant filed a grievance challenging the termination. The parties dispute whether the termination was voluntary or involuntary. Appellant would be entitled to the State grievance procedure if her termination can be construed as involuntary. The Director of the Department of Employee Dispute Resolution concluded that the appellant did not have access to the grievance procedure and, therefore, the grievance did not qualify for a hearing.

The standard of review in this case is unclear. Appellant contends that the standard of review should be an intermediate level of review, analogous to a trial court's reviewing a motion for summary judgment. Appellee contends that the standard of review should be arbitrary and capricious. It is also possible that the standard of review could be a "probable cause standard." The Court need not address the distinctions between these three standards, for the appellant's contentions fail under each standard.

If the Court determines that the appropriate standard is "arbitrary and capricious," as set forth in *Lasus v. George Mason Univ.*, 29 Va. Cir. 51 (Fairfax County 1992) (grievance of a performance evaluation), "probable cause," as set forth in *Ford v. City of Richmond*, 40 Va. Cir. 397 (Richmond City 1996) (grievance of appellant's transfer from one location to another), or some lesser standard, as set forth in *Asbury v. City of Roanoke*, 63 Va. Cir. 176 (Roanoke 2003) (grievance of the lowering of appellant's performance evaluation score), the end result remains the same. Virginia Code § 2.2-3004(E) gives the Court the ability to take additional evidence, which is in contrast to Virginia Code § 2.2-3006(B), dealing with the review of decisions made by a hearing officer.

The Court did take additional evidence in this case pursuant to the ends of justice. Such additional evidence did not enhance or clarify the record on appeal. The most persuasive evidence on the record in support of appellant's argument was the amount of time given to the appellant in making her decision to resign. However, time is only one factor to consider in determining whether a resignation was indeed involuntary. Under the totality of circumstances, the timing was not a substantial factor because of the disciplinary history of the appellant and the appellant's understanding of her options.

After considering the record, argument of counsel, and the legal memoranda filed by the parties, the Court upholds the ruling of the Director.