# CIRCUIT COURT OF THE CITY OF NORFOLK

Edgardo Brito

    v.

City of Norfolk

November 12, 2010

Case No. CL 10-4966

BY JUDGE KAREN J. BURRELL

This matter came before the Court for hearing on October 29, 2010, regarding Petitioner Edgardo Brito's appeal from Respondent City of Norfolk's determination that Petitioner's April 21, 2010, grievance was not grievable. Petitioner was denied a hearing before a grievance panel regarding his termination of employment from the City of Norfolk after the City determined that his grievance was not grievable. Having considered the record, the parties' arguments, and relevant authority, the Court will reverse the City's determination that Petitioner's grievance was not grievable.

## *Facts*

Petitioner was a groundskeeper employed by the City of Norfolk with the Department of Recreation, Parks, and Open Space, Bureau of Parks and Urban Forestry. (Regina Williams, Inter Department Correspondence Sheet, June 30, 2010.) Petitioner had been employed with the City for at least three years, when he was terminated for not having a Commercial Driver's License ("CDL"). (Edgardo Brito, Employee Grievance Form, April 21, 2010 (hereinafter Employee Grievance Form).) Petitioner

indicated in his Employee Grievance Form that he was not informed that he was required to possess a CDL until 2007, but stated that, upon learning of the requirement, he took "all [his CDL] tests through the [C]ity of Norfolk [and], when [he] went to the Division of Motor Vehicles, [he] found out that [his] record had incidents [he] had not committed so [he] notified his supervisor." *Id.* Further, Petitioner indicated that, due to the mistaken incidents on his record,"[i]t took [him] three years to clear up [his] driving record." *Id.* Petitioner eventually was suspended without pay on February 23, 2010, and filed his Employee Grievance Form on April 21, 2010. *Id.*

Nancy Olivo, Director of Human Resources, considered Petitioner's claim, and, on May 5, 2010, after determining that it was too vague, she returned Petitioner's original Employee Grievance Form and requested that Petitioner "provide in writing, on the original grievance form, the settlement [he] desire[d]." (Letter from Nancy Olivo to Edgardo Brito, May 5, 2010.) Ms. Olivo indicated in her letter that she was allowing Petitioner five workdays from the date of receipt of the letter to return the original grievance form. *Id.* Petitioner responded to Ms. Olivo on May 8, 2010, stating that he wished to be paid from the date on which he was suspended, February 23, 2010, through May 10, 2010, or, alternatively, to be transferred to another City department. (Letter from Edgardo Brito to Nancy Olivo, May 8, 2010.) The office of the City Manager was then asked to review and determine the grievability of Petitioner's grievance request. Regina Williams, City Manager, determined that the claim was not grievable because Subsections (C)(5) and (7) of the City's Employee Grievance Procedure reserve to the City the exclusive rights to exercise control and discretion over the budget and to determine job assignments and transfers. (Regina Williams, Inter Department Correspondence Sheet, June 30, 2010.) On June 30, 2010, Nancy Olivo informed Petitioner of the City Manager's determination that his grievance was non-grievable. (Letter from Nancy Olivo to Edgardo Brito, June 30, 2010), and Petitioner appealed the decision to the Norfolk Circuit Court on July 8, 2010, (Letter from Edgardo Brito to City Manager, July 8, 2010.)

### *Standard of Review for a Grievance Complaint*

The Virginia Code explains, in relevant part, this Court's role in the determination of grievability:

> Within 30 days of receipt of [Petitioner's appeal records] by the clerk, the court, sitting without a jury, shall hear the appeal on the record. . . . The court may affirm the decision of the chief administrative officer or his designee, or may reverse or modify the decision. The decision of the court shall be rendered no later than the fifteenth day from the date of the

conclusion of the hearing. The decision of the court is final and is not appealable.

Va. Code § 15.2-1507(A)(9)(b); *see also City of Danville v. Franklin,* 234 Va. 275, 276, 361 S.E.2d 634, 634 (1987) (affirming that the circuit court's determination regarding the grievability of an employee's complaint is final and not appealable).

In Virginia, the principles governing an appeal from a determination that an employee's complaint is not grievable are the same as those applied in determining whether a complaint's factual allegations are sufficient to state a claim upon which relief can be granted. *Asbury v. City of Roanoke,* 63 Va. Cir. 176, 177 (2003). Assertions of fact in the grievance complaint "must be treated as true, the employee must be given the benefit of all inferences that fairly can be drawn from the facts alleged, [and] one must also assume the truth of all assertions of fact that can be fairly and justly inferred from the employee's complaint." *Drewery v. City of Roanoke,* 63 Va. Cir. 609, 611 (2001) (internal quotation marks omitted).

## Discussion

The Virginia Code defines a "grievance" as "a complaint or dispute by an employee relating to his employment, including but not necessarily limited to (i) disciplinary actions, including dismissals, disciplinary demotions, and suspensions, provided that dismissals shall be grievable whenever resulting from formal discipline or unsatisfactory job performance." Va. Code § 15.2-1507(A)(1). Section 8.4 of the Norfolk Personnel Administrative Policies Manual governs the City's Grievance Procedure ("Employee Grievance Procedure") and provides a similar description of the scope of permissible grievances. The Employee Grievance Procedure "may be utilized for the presentation of grievances concerning . . . [d]isciplinary actions, including reprimands, suspensions, increment denials, disciplinary demotions, and dismissals, provided dismissals shall be grievable whenever resulting from formal discipline or unsatisfactory job performance." Employee Grievance Procedure § 8.4(B)(1)(b). Employees may also bring grievances that concern "[t]he violation or inconsistent application of any personnel practice, policy, or procedure with respect to a particular employee." *Id.* § 8.4(B)(1)(c).

In the present case, Petitioner alleges that he was "terminated for not obtaining [his] CDL license." (Employee Grievance Form.) Because disputes regarding an employee's "dismissal" are explicitly permitted, Petitioner's claim regarding his termination is grievable under both the Virginia Code and the Employee Grievance Procedure. Petitioner also asserts "[T]here are other employees there that have been working there longer than me that do not have there [sic] CDL license[s]. If you do unto one

person everyone has to be treated equally and fairly." (Letter from Edgardo Brito to Nancy Olivo, May 8, 2010.) Additionally, although Petitioner did not state specifically that his CDL requirement was applied inconsistently, Petitioner must be given the benefit of all inferences that can be properly drawn, *Drewery v. City of Roanoke*, 63 Va. Cir. 609, 611 (2001), and, as such, Petitioner's claims, in this respect, are also sufficient. *See Williams v. City of Norfolk*, 77 Va. Cir. 212, 220 (2008) ("Notwithstanding the vague settlement [Petitioner] requested, the Court finds that [Petitioner] desires a reversal of her termination.").

The City does not dispute that Petitioner's dismissal is grievable. In fact, in her recommendation to the City Manager, on May 27, 2010, the Director of Human Resources indicated that "[w]hile the dismissal is grievable, it is doubted that a grievance panel would have the authority to grant any of the remedies specifically requested by the grievant" and that "[a] review of this grievance indicates that portions of the grievance may be grievable, while others may not be." (Nancy Olivo, Inter Department Correspondence Sheet, May 27, 2010.) Furthermore, the City Manager states, in an internal memo dated June 30, 2010, that "[t]he grievant's request for compensation and a transfer is not grievable" and that "it is [her] determination that the grievant's desired settlement is not grievable." (Regina Williams, Inter Department Correspondence Sheet, June 30, 2010.) In sum, Petitioner's claims regarding his termination, as stated in the Employee Grievance Form and accompanying letter, are grievable.

Although Petitioner's claims are grievable, the City maintains that the remedies Petitioner seeks in his grievance, payment dating back to the date of his termination or, alternatively, placement in another department, are outside the scope of a grievance panel's authority. The Court agrees. Pursuant to the City's grievance policy, the Grievance Procedure may not "limit, impair, modify or abridge the . . . exclusive rights of the City . . . [t]o exercise control and discretion over its organization, operations, and budget [and] . . . [t]o hire, promote, assign, transfer, layoff, and retain employees in positions within the City." Employee Grievance Procedure § 8.4(C)(5), (7). Thus, it follows that, in general, a grievance panel has no authority to transfer employees between positions. *Virginia Dep't of Taxation v. Daughtry*, 250 Va. 542, 550, 463 S.E.2d 847, 852 (1995); *Jones v. Carter*, 234 Va. 621, 625-26, 363 S.E.2d 921, 924 (1988). Were the grievance panel to order back pay to Petitioner or "find [him] a position with a different department," as he requests, the panel would, in effect, be exercising control and discretion over the budget or assigning or transferring an employee, both of which are rights reserved exclusively to the City. *See Moye-Williams v. City of Norfolk*, No. 05 Civ. 1791 (Va. Cir. Ct. Oct. 28, 2005). The Court, therefore, finds that a grievance panel has no authority to grant the remedies Petitioner requests.

That finding, however, does not end the inquiry. The Employee Grievance Procedure, provides that a grievance panel may, in its discretion, grant Petitioner a modified remedy. Specifically, the Employee Grievance Procedure states: "A panel by a majority vote may uphold or reverse the action of the City or, in appropriate circumstances, may choose a modified remedy." Employee Grievance Procedure § 8.4(I)(2). As such, although a grievance panel has no authority to award Petitioner the remedies requested, a grievance panel may choose a modified remedy. *Id.; see also Williams v. City of Norfolk*, 77 Va. Cir. 212, 220 (2008). A grievance panel may not, however, in any circumstance, modify a remedy to provide for an award of damages or attorney's fees. *Jones v. Carter*, 234 Va. 621, 625, 363 S.E.2d 921, 924 (1988) (citation omitted); *Williams*, 77 Va. Cir. at 220. Thus, in sum, Petitioner's grievance is grievable to the extent that Petitioner has alleged claims addressed in both the Virginia Code and the Employee Grievance Procedure; although his desired remedies are outside the scope of a grievance panel's authority, a grievance panel may issue a modified remedy. *See Moye-Williams v. City of Norfolk*, No. 05 Civ. 1791 (Va. Cir. Ct. Oct. 28, 2005).

## Conclusion

The Court finds that Petitioner has stated grievable claims. Despite the fact that the remedies sought by Petitioner are outside a grievance panel's authority to grant, Petitioner is entitled to a hearing by a grievance panel, and, if the grievance panel determines that his grievance is valid, the grievance panel may issue a modified remedy.