## CIRCUIT COURT OF ROANOKE COUNTY

Timothy Clark

v.

Roanoke County

September 30, 2014

Case No. CL14-996

By Judge David B. Carson.

This matter is before the Court on the Petition of Timothy Clark to review and reverse a grievability determination made by Roanoke County Administrator Clay Goodman. For the reasons that follow, I reverse Goodman's determination.

### Pertinent Facts

In September 2013, Roanoke County hired Clark as a Human Resources Benefits Consultant. On May 20, 2014, Human Resources Director Joe Sgroi and Assistant Human Resources Director Anita Hassell terminated him. Sgroi told Clark that performance and disciplinary issues led to his termination.

Clark subsequently exercised his right to grieve the matter, pursuant to the Roanoke County Grievance Procedures, alleging: "unfounded grounds for dismissal; job misrepresentation; workplace harassment; hostile work environment; failure by management to follow procedures." Clark's Grievance Form B. To remedy the grievances, Clark requested: "job replacement at negotiated salary; reorganization of HR with dismissal of Anita Hassell and/or Joe Sgroi."

Goodman determined that Clark's grievances were not grievable, concluding that both remedies Clark sought were "contrary to Management rights found in Roanoke County Employee handbook, Chapter 7, C, Management Rights," and, therefore, not within a grievance panel's authority to award. Clark's Grievance Form A.

Pursuant to Va. Code § 15.2-1507, Clark has appealed Goodman's grievability determination. Clark insists that the language he used, "job replacement at negotiated salary," was meant to convey his desire for

"reinstatement," not for a new position. (Both parties agree that a grievance panel has the authority to award reinstatement.) Clark argues that he, as a non-lawyer, should not be expected to craft airtight remedies and, moreover, that a panel has the implicit, if not explicit, authority to modify an imperfectly pleaded remedy. Goodman contends that a grievance panel has no such authority and that Clark's vast HR experience and acumen should not be ignored in reviewing Clark's grievance request.

*Analysis*

In reviewing a grievability determination, Virginia courts rely on the same principles that apply in evaluating whether allegations in a complaint are sufficient to state a claim upon which relief can be granted. *Asbury v. City of Roanoke*, 63 Va. Cir. 176, 177 (2003). "Assertions of fact in the grievance complaint 'must be treated as true, the employee must be given the benefit of all inferences that fairly can be drawn from the facts alleged, [and] one must also assume the truth of all assertions of fact that can be fairly and justly inferred from the employee's complaint'." *Brito v. City of Norfolk*, 81 Va. Cir. 340 (2010) (quoting *Drewery v. City of Roanoke*, 63 Va. Cir. 609, 611 (2001)).

Had the relief Clark sought consisted solely of "reorganization" of the HR department, Clark's grievance request would be without merit, and I would quickly deny Clark's Petition. The more interesting issue, however, is whether his admittedly ambiguous request for "job replacement at negotiated salary" is grievable.

On the one hand, I do take note of Clark's multi-year HR experience, which makes his ambiguous request at least questionable. However, in the context of all materials submitted to the Court and giving Clark the benefit of all inferences that fairly can be drawn from the facts, Clark did appear to be seeking reinstatement, not a new job.

First, Goodman met with Clark in a Step III meeting to provide Clark "an opportunity to explain [his] grievance" and to respond to his dismissal. Step III Response Memo. In summarizing his meeting with Clark, Goodman wrote: "At this time, you told me that you were seeking to have your dismissal overturned and that you be *returned to the position from which you were terminated, HR Consultant-Benefits*." *Id.* (emphasis added). Thus, Clark advised Goodman of his intention to be reinstated.

Second, although Goodman makes much of the fact that Clark used the "negotiated salary" language, a prior email sent by Clark to Hassel offers some needed context. In that email, Clark writes: "If you recall, I turned down the job offer in September 2013, but you re-negotiated my pay so that I would not lose any compensation from my 26 years with AEP if I would come to work for the County." This provides support for Clark's contention that he wanted his job back at his already-negotiated salary, not a new one.

In other words, the fact that his salary was previously negotiated allows me to fairly and justly infer that Clark meant to get back what he previously had.

Last, when taken together, the two remedies Clark seeks, the job and reorganization, are not incompatible with Clark's interpretation. Actually, they are arguably more harmonious because it makes sense for Clark to want his old job back but not with the same superiors who he says caused his grievances.

After reviewing the totality of the evidence and giving Clark the benefit of all fair inferences, I conclude that Clark's grievances are grievable.

### Conclusion

Because I have concluded that Clark's grievances are grievable, I reverse Goodman's determination.