Stephen A. Ferguson

v.

City of Chesapeake

October 19, 2015

Case No. CL15-1373

By Judge Marjorie A. Taylor Arrington

This matter is before the Court on Appellant's Notice of Appeal for review of the Determination of Grievability from the City of Chesapeake, Department of Human Resources, issued on June 5, 2015. The Court has carefully considered the pleadings, memoranda filed by counsel, the grievance record filed by the Director of Human Resources, and oral arguments of counsel at the hearing on September 17, 2015.

This appeal is governed by Va. Code § 15.2-1507. In reviewing a grievability determination, "Virginia courts rely on the same principles that apply in evaluating whether allegations in a complaint are sufficient to state a claim upon which relief can be granted." *Clark v. Roanoke Cnty.*, 89 Va. Cir. 228, 229 (Roanoke Cnty. 2014) (*citing Asbury v. City of Roanoke*, 63 Va. Cir. 176, 177 (Roanoke City 2003)). "Assertions of fact in the grievance complaint 'must be treated as true, the employee must be given the benefit of all inferences that fairly can be drawn from the facts alleged, [and] one must also assume the truth of all assertions of fact that can be fairly and justly inferred from the employee's complaint'." *Clark*, 89 Va. Cir. at 229 (*quoting Brito v. City of Norfolk*, 81 Va. Cir. 340 (Norfolk 2010) (*quoting Drewery v. City of Roanoke*, 63 Va. Cir. 609, 611 (Roanoke City 2001))).

This Court considered a similar circumstance in *Fuller v. City of Chesapeake*, No. CL14-232 (Chesapeake Circuit Court March 27, 2014), which was submitted with the City's Memorandum in Support of Determination of Grievability as Exhibit B. In that case, Judge Randall D. Smith found that the Chesapeake Fire Department's Operational Medical Director, Dr. Lewis H. Siegel, is not an agent of the City of Chesapeake, and that, upon Dr. Siegel's "revocation of petitioner's ability to practice EMS in the City, the City was within its rights to 'separate' petitioner's

employment because he failed to meet a condition of employment of the position he was hired to perform." *Fuller,* at 2.

The Court notes that at the September 17, 2015, hearing, counsel for the appellant asserted that the City is "exploiting a loophole" by circumventing the grievance process by Dr. Siegel revoking the appellant's authorization to practice emergency medical services in the City. By definition, a loophole infers a *legal* avoidance. A "loophole" is defined as "[a]n ambiguity, omission, or exception (as in a law or other legal document) that provides a way to avoid a rule without violating its literal requirements." *Black's Law Dictionary* 962 (8th ed. 2004). As opined by Justice Scalia, "It is not the role of [a] Court to identify and plug loopholes. It is the role of good lawyers to identify and exploit them, and the role of [the legislature] to eliminate them if it wishes." *ABC, Inc. v. Aereo, Inc.,* 134 S. Ct. 2498, 2517 (2014) (Scalia, J., dissenting); *cf. Department of Envtl. Quality v. Wright,* 256 Va. 236, 241, 504 S.E.2d 862, 864 (1998) (noting that, in a grievance appeal, a court may not "invoke its broad equitable powers to arrive at a decision that the court may think is fair").

The Court is of the opinion that, in the instant matter, the appellant's separation was based upon the failure to meet a condition of employment; therefore, the Determination of Grievability from the City of Chesapeake, Department of Human Resources, issued on June 5, 2015, is affirmed. Pursuant to Va. Code § 15.2-1507(A)(9)(b), the decision of this Court is final. *See Danville v. Franklin,* 234 Va. 275, 361 S.E.2d 634 (1987).